UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WYRICK D. TYSON                                    CIVIL ACTION

VERSUS                                             NUMBER: 16-16350

SERGEANT COCO, <u>ET</u> <u>AL</u>.                          SECTION: "A"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Wyrick Tyson, against Defendants, St. Tammany Parish Sheriff Randy Smith and Warden Greg Longino, Sergeant Coco, and Deputies Lott and Hebert of the St. Tammany Parish Jail ("STPJ"). (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the River Bend Detention Center ("RBDC") in Lake Providence, Louisiana, who was previously housed at STPJ following his arrest on drug-related charges on January 12, 2016. Plaintiff alleges that on April 26, 2016, while he was housed at STPJ, he was involved in a physical altercation with another inmate, Michael Nixon ("Nixon"), which was resolved by the combatants being "… separated and allegedly designated not to be housed together." (Rec. doc. 1, p. 4).[1/] Thereafter, on May 5, 2016, Nixon was placed in the same cell with Plaintiff who initially prevailed upon Deputy Hebert "… to research the issue

---

[1/] Plaintiff conveniently attaches to his complaint a copy of the STPJ Disciplinary Report that was generated as a result of this altercation. (Rec. doc. 1, pp. 8-9). According to the narrative portion of the Report, Plaintiff was first observed by a deputy to "aggressively approach … and strike" the other inmate and then "… grab Inmate Nixon's head and forcefully slam it into the dorm window." (*Id.*). As a result of the incident, Plaintiff was charged with fighting, a "Schedule B" rule violation. (*Id.*).

Plaintiff also attaches to his complaint a copy of an Administrative Remedy Procedure ("ARP") form that he completed on June 29, 2016 while he was still housed at STPJ. (Rec. doc. 1, p. 7). In that form, Plaintiff complained of the same occurrences that form the basis of this lawsuit. (*Id.*). Plaintiff indicates in his complaint that he was transferred from STPJ to RBDC before the ARP was responded to by STPJ officials. (*Id.* at pp. 2-3).

A second §1983 complaint form that Plaintiff submitted in this matter is essentially the same as his original complaint. (Rec. doc. 3).

and to alleviate the problem …" (*Id.* at p. 6). However, upon complaining about the housing assignment to Deputy Lott and informing him of the previous altercation between himself and Nixon, that deputy "… removed Michael Nixon from my cell." (*Id.* at pp. 4-6). During the time that Plaintiff and Nixon were housed together, possibly one day in duration, Plaintiff alleges that he was in constant fear for his life, that "[a]ny comment or action from … [him] could have been perceived as an act of provocation that could have escalated into a fight or worse." (*Id.* at p. 6). Plaintiff seeks $250,000.00 in compensatory damages and a reduction in the rank of Sergeant Coco. (*Id.* at p. 5).

As noted above, Plaintiff has initiated this suit IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case fails for a variety of reasons. First, although Plaintiff mentions Deputies Lott and Hebert as well as Sergeant Coco in his statement of claim and prayer for relief, nowhere does he discuss the alleged involvement of the two other named Defendants, Warden Longino and Sheriff Smith. As such, Plaintiff has failed to enunciate a set of facts that illustrates those two Defendants' participation in an alleged wrong, a necessary requirement in a civil-rights cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). To the extent that those two Defendants were sued in their

official capacity, Plaintiff does not identify a policy or custom that allegedly caused the deprivation of his constitutional rights. *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009).  Construing Plaintiff's allegations as being made against the Warden and the Sheriff in their individual capacities, he fares no better because personal involvement is an essential element of a civil-rights cause of action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and supervisory officials like the Sheriff cannot be held liable for federal civil rights violations allegedly committed by their associates based on a theory of strict or vicarious liability.  *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985).  In light of these authorities, any §1983 claims against Warden Longino and Sheriff Smith should be dismissed under §1915(e)(2)(B)(i) and (ii). *Booker*, 2 F.3d at 116 (*respondeat superior* is an indisputably meritless legal theory).

With respect to the remaining three Defendants, Plaintiff's claim in the instant matter can best be construed as a failure-to-protect claim.  *Rue v. Gusman*, No. 09-CV-6480, 2010 WL 1930936 at *5 (E.D. La. May 11, 2010).  With respect to said claims, the Fifth Circuit has held as follows:

> To establish a failure-to-protect claim under §1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
>
> *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citations and internal quotation marks omitted).

Deliberate indifference is an extremely high standard to meet, *Domino v. Tex. Dep't of Crim Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and mere negligence by jail officials in failing

to protect a prisoner from an assault does not form the basis of a §1983 claim. *Stout v. LeBlanc*, 599 Fed.Appx. 170, 171 (5th Cir. 2015).

Based upon a review of the Disciplinary Report that Plaintiff attached to his complaint, the only named Defendant who had any involvement in the previous altercation between himself and Nixon, an altercation in which Plaintiff was clearly portrayed as the aggressor, was Sergeant Coco, who was part of a six-person response team. Although Plaintiff speculates that he and Nixon were "… allegedly designated not to be housed together," he does not identify the individual(s) who made that reported housing assignment, nor does he identify the prison official(s) who made the decision to house him and Nixon together again in early May of 2016. Upon being so housed, Plaintiff indicates that he initially asked Deputy Hebert "… to research the issue and to alleviate the problem." Here, again, Plaintiff does not allege that Deputy Hebert was aware of the previous altercation between himself and Nixon or even that any animosity existed between the two of them. According to Plaintiff, after he notified Deputy Lott of the previous altercation, Nixon was promptly removed from his cell. However, nothing that Plaintiff alleges tends to show that "… that the responsible officer 'was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and that he did in fact draw the inference." *Parker v. Currie*, 359 Fed.Appx. 488, 490 (5th Cir. 2010). More importantly, "[a] failure-to-protect claim that fails to allege any resulting physical injury does not state a[] [constitutional] violation entitling a prisoner to compensatory damages."[2/] *Winding v. Sparkman*, 423 Fed.Appx. 473, 474 (5th Cir. 2011)(citing *Jones v. Greninger*, 188 F.3d 322, 326

---

[2/] The other form of relief sought by Plaintiff, a reduction in the rank of Sergeant Coco, is something the Court is not empowered to grant.

(5th Cir. 1999) and 42 U.S.C. §1997e(e)); *Castellano v. Treon*, 79 Fed.Appx. 6, 7 (5th Cir. 2003). Because Plaintiff does not allege that he suffered any physical injury as a result of being briefly housed in the same cell as Nixon, he is not entitled to any compensatory damages for emotional distress arising out of that housing assignment. *Winding*, 423 Fed.Appx. at 474 (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). For all these reasons, it will be recommended that Plaintiff's suit be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3]

New Orleans, Louisiana, this 2nd day of December, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.